# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | CASE NO: 4:24-CR-1 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN MICHAEL BURAK | ) | |

## GOVERNMENT'S MOTION FOR A
## PROTECTIVE ORDER GOVERNING RULE 15 DEPOSITION

The United States of America, by and through Tara M. Lyons, Acting United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, moves the Court for a protective order concerning Victim #2's audio/video recorded deposition and any accompanying transcripts. The material contains sensitive trial testimony with inherent risks to privacy interests of a victim who was a minor at the time of the alleged abuse, referred to herein as the "protected material." Further, any dissemination of the material contains inherent risks to the fair administration of trial.

The government seeks an order prohibiting defense counsel from making copies of the protected material and leaving any copies of this material in the possession of the defendant or any other party, except any such other persons as hereafter may be authorized by the Court upon motion of either party Thus, the United States respectfully requests that the protected material:

   (1)   Be used by counsel of record only for purposes of representing their client in this action;

   (2)   Be maintained in a safe and secure manner by counsel of record;

(3) Not be possessed by the defendant, except in the presence of the defendant's counsel; and

(4) Not be disclosed in any form by either party in any format outside of this action.

The government is merely seeking to prevent the defendant and others from physically possessing or copying the protected material. For these reasons, the government believes that these sensitive materials should not be allowed to circulate outside the physical custody of counsel for the defendant. By doing so there will be reduced likelihood of these sensitive materials being distributed to anyone outside the case, and hopefully a lowered risk to the witness, to safeguarding privacy interests, and to the fair administration of the impending trial.

This will not adversely affect the defendant in his legitimate preparation for trial. First, the government proposes no limit to the defendant's access to these materials in the presence of their counsel. The defendant may extensively review and discuss protected material, providing that he do so in the presence of counsel. Counsel may spend as much time as necessary with their client and the protected material. Counsel must, however, keep such material in her personal possession.

Furthermore, the Court is further empowered to enter a protective order for the protection of witnesses before it. The All Writs Act, 28 U.S.C. § 1651(a) empowers a federal district court to issue "all writs necessary or appropriate in aid of [its . . . ] jurisdiction[]." 28 U.S.C. § 1651(a). *See, United States v. Nicolapolous,* 30 F.3d 381, 383 (2d Cir. 1994) (not questioning the power of the district court to prohibit lawyers from sharing certain discovery materials with their clients, and finding no prejudice

to defendants from the order; government raised concerns about safety of individuals if disclosed).

Undersigned government counsel has discussed this motion with counsel for the defendant, Skye Musson, who represents she has no opposition to the issuance of a protective under these circumstances.

The circumstances of this case provide more than "good cause" for entry of the proposed order limiting the use and disclosure of the protected materials. For these reasons, the government seeks an order prohibiting counsel for the defendant from providing a physical copy of Victim #2's audio/video recorded deposition and any accompanying transcripts to the defendant and others. Such order shall not preclude defense counsel from reviewing such materials with their client whatsoever.

Respectfully submitted,

TARA M. LYONS
ACTING UNITED STATES ATTORNEY

*/s/ Sherri A. Stephan*

Sherri A. Stephan
Assistant United States Attorney
PA Bar No. 78399