## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case Number:** |
| | ) | **4:24CR1** |
| | ) | |
| **Austin Burak,** | ) | |
| **Defendant.** | ) | |

# RESPONSE TO GOVERNMENT MOTION IN LIMINE TO ALIBI EVIDENCE

The defense hereby responds to the Government's Motions in Limine found at Doc. 52. This document points to the idea that the Defendant would be providing an alibi defense during the opening statement and addresses a number of issues that this raises.

1. Timing of Evidence

In this case the Defense has had to fight the Government for every single piece of evidence. This includes the appeal record from the Court Martial. In order to obtain this record the Defense had to file a motion for Exculpatory Evidence at Doc. 48.; a motion to compel at 72 and a Writ of Mandamus at Doc. 74.

At the hearing held on December 13, 2024 the Court held a hearing on the motions. During this hearing a representative for the Government, Special

AUSA Micheal Spitulnik told the Court in no uncertain terms that there was nothing that would be determined to Brady evidence in the appeal record, even though he admitted to never having seen the record. The Court pushed back against this and required the Government to turn over the appeal records.

In this appeal record was several records including the text messages and phone call records for the period surrounding the night in question. The Defense has preemptively listed these as Exhibits and provided copies of them to the Government and Court as required by the scheduling order.

After turning these items over Counsel for the Defendant received a call from a person named Nathan Williams on May 7, 2025. He informed counsel that he had been contacted by the Federal Bureau of Investigation (FBI) and had been asked to provide the same messages again in a method with the exact time stamps. Mr. Williams stated he had no idea about the litigation, hadn't talked to the Defendant in a long time and only after talking to the FBI did he google the Defendant and locate the case. Once he located the case he found out he had counsel and contacted the Defense counsel to provide the records because "it is only fair you have what they have".

The Defense still has not received the exact items that were turned over to the Government but have provided what is believed to be a copy of the evidence that was provided on Friday, May 9th, 2025. The Government did not

turn over the 302 report until Sunday, May 11th, 2025 at 1:39pm. This states there are attachments to the report, but no attachments were provided. (Attachment #1 timestamp email, and Attachment #2, FBI 302).

2. The Government points to the requests for Alibi being requested at two times based on Doc 152, Exhibit 1 and Doc 152, Exhibit 2. Exhibit 1 is dated July 17, 2024, this is far before the Defense possession of the appeals record and there was no way to state respond with or raise this evidence. With regards to Doc 152, Exhibit 2 this would have been right after the appeal record was provided. Which included the phone calls and text messages that the Defendant made during that period. However, the Defendant did not know where Nathan Williams was and had no intention of calling him as it is impossible to locate someone when you do not know where they are or how to contact them. Thus, the ONLY way this evidence would be presented was through the Defendants testimony which Under Federal Rule of Criminal Procedure 12.1 (e) the Defendant would have the right to testify

3. In this case any issues with providing an alibi notice or even knowing if there is an alib,i lays at the feet of the Government. This case if fraught with the Government withholding evidence until it is either ordered to turn it over or it is convenient. The Defense and the right to testify by the Defendant is a

right that is Guaranteed and is "essential to due process of law in a fair adversary process. *Rock v. Arkansas,* 483 U.S. 44, 51, 107 S.Ct. 2704, 99L.Ed.2d 37 (1987) quoting *Faretta v. California,* 422 U.S. 806, 819, n.15, 95 S.Ct. 2525, 2533, n.15, 45 L.Ed.2d 562, 572, n.15 (1975).

4. Here any timing issues and witnesses falls squarely at the feet of the Government who fails to understand their obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). For the Government to come in front of the Court and certify that documents DO NOT contain information that would require disclosure under *Brady* without viewing the documents is a great snapshot of the issues to come. Then to not turn over the full text messages at all after receiving them from Nathan Williams and to wait until Sunday, the day before trial to turn over the FBI 302 shows a disregard for my client's rights and the Government's obligations. "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1197 (1963). The Defendant has a right to any evidence that may exculpate him or reduce the penalty. *Id*. at 88.

In conclusion the Defense requests that any potential explanation of time that night that comes from the mixture of phone records and text messages, as would be

entered into evidence through his testimony be allowed. Further, the Defendant requests that the Government ensure that they have met their bet obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and turn over ALL exculpatory evidence, meaning anything that may exculpate my client.

Respectfully submitted this 11th day of May, 2025.

/s/ *Skye Ellen Musson*
Skye Ellen Musson
State Bar No.: 513712
5501 Abercorn Street, Suite D-246
Savannah, Ga 314015
skye@mussonlawoffices.com
Phone: 912-506-4661

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | Case Number: |
| | ) | 4:24CR1 |
| | ) | |
| **Austin Burak,** | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that Defense Counsel has submitted a copy of this RESPONSE TO MOTION IN LIMINE to the Assistant United States Attorney, via the Electronic Service system.

Respectfully submitted on 5/11/2025.

/s/ *Skye Ellen Musson*
Skye Ellen Musson
State Bar No.: 513712
5501 Abercorn Street, Suite D-246
Savannah, Ga 314015
skye@mussonlawoffices.com
Phone: 912-506-4661