UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 4:24-cr-001 |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN BURAK, | ) | |

## COMBINED MOTION FOR NEW TRIAL AND JUDGMENT OF AQUITTAL

COMES NOW the Defendant, AUSTIN BURAK, by and through undersigned counsel, and pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court to enter an order of acquittal or for a new trial. In support of this motion, Defendant states the following:

**I.    PROCEDURAL BACKGROUND**

1. On or around August 2017 the Government alleges that the Defendant entered the room of MVI and molested him by touching him through his clothing and touching either directly or through his clothing his genetalia, anus, groin, breast, inner thigh and buttock of MV1 in order to abuse humiliate, harass degrade and arose and gratify the sexual desires of any person. (Doc. 26).

2. On or around August 2017 the Government alleges that the Defendant forced MV2 onto the floor, laid on top of him, and forcibly inserted his penis unto MV2's anus. (Doc. 26).

3.     Mr. Burak had previously been prosecuted on the same allegations through a court martial procedure which took place at Joint Base McChord in Washington State. The original claims were investigated by Army Criminal Investigations Division. Charges were brought and a court martial began. According to the records that have been obtained by the Defense it appears as if there was an issue with jurisdiction and the case was dismissed and then appealed, at least in part through the Army court martial process.

4.     On January 10, 2024 the Government charged Austin Burak with four counts related to his alleged actions in and around August 2017. (Doc. 3) This was superseded with another four count indictment on March 6, 2024. (Doc 26). The superseding indictment was the indictment that the Government proceeded on and it alleged one count of 18 U.S.C. § 2422(b) Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity with MV1; One count of Abusive Sexual Contact of a Child with MV1 in violation of 18 U.S.C. § 2244(a)(5); One count of Coercion and Enticement of a Minor to Engage in Sexual Activity with MV2 in violation of 18 U.S.C. § 2422(b); and one count of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2421(c).

5.     These charges closely mirrored the charges brought by the Army during the Court martial process.

6. On May 15, 2025, a Federal Jury returned a guilty verdict on both counts of the indictment against Mr. Burak.

## II. LEGAL STANDARD

A motion for new trial must be granted "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Recognized grounds for a new trial include circumstances where substantial and prejudicial evidentiary errors were committed at trial." *United States v. Hawkins,* 905 F.2d 1489, 1493 (11th Cir. 1990)).

Under Rule 29 of the Federal Rules of Criminal Procedure, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The standard for a judgment of acquittal requires the Court to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* If the evidence does not meet this threshold, the Court must grant a judgment of acquittal.

## III. ARGUMENT

The Government's prosecution of Mr. Burak violated his constitutional rights to due process and a fair trial, was supported by insufficient evidence, and relied upon a number of material and prejudicial evidentiary errors. Accordingly, the Court should enter a Judgment of Acquittal or, in the alternative, Order a New Trial.

## A. The Court Erred by not allowing for the proper voir dire of the Government's expert witness prior to the tending of said witness as an expert

Prior to the testimony of Dr. Darrel Turner the Defendant, through counsel filed a motion in limine to allow for a Daubert hearing or exclusion of the testimony in its entirety. (Doc. 122). This request was denied.

Then during the trial Dr. Darrel Turner was the Government's first witness to testify and was sought to be tendered as an expert on Day 1 of testimony. (Doc. 177, pgs. 30-34). During the direct voir dire of the expert witness the Government was allowed to ask how many times the expert had testified in Court, and he was allowed to answer. (Trial Transcript Day 1 (TTD1), pg. 33).

The Defense began the voir dire of expert witness by clarifying that he had read and certified the expert witness disclosure including his list of trials and testimony. (TTD1, pg 34). When the Defense began to try and go through each case and the type of testimony in the case the line of questioning was not allowed during the voir dire process. (TTD1, pg 34) The Court decided that this went to weight and not admissibility and disallowed the line of questioning as part of the expert voir dire process. (TTD1, pg. 34-35).

4

The Court has broad discretion when deciding to allow testimony of an expert but must look at three distinct prongs in deciding if the testimony is admissible: "expert qualifications, reliability and helpfulness". *Rivera v. Ring*, 810 F. App'x 859, 863 (11th Cir. 2020) citing to: *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc).

In the case at hand Dr. Turner certified that he had read and certified the list of trials and outcomes, including his list of federal trials in which he had claimed he had testified in. (TTD1, pg. 34-35). Dr. Turner went on to testify that he had certified the expert witness disclosure and when asked about each case, he was forced to admit that in many cases he didn't remember what type of testimony he had provided and when pushed there were clear issues with what he had ratified and what the truth was. (TTD1, pgs. 44-49).

Such a revelation goes directly to the third prong of the test for admissibility of expert testimony, reliability. Reliability is part and parcel of what a Court must find prior to admitting a witness as an expert. *Rivera v. Ring*, 810 F. App'x 859, 863 (11th Cir. 2020) citing to: *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). While weigh and not admissibility is normally adequate with a witness, this should not have been extended to the admissibility of an expert witness.

**B. The Government failed to produce information that was required under Brady and its progeny.**

    **i. The Government Did Not Provide adequate information about Hannah Sims, her testimony or her claims for the Defense to prepare for her testimony or locate information that is exculpatory.**

The Government provided only a few reports labeled as FBI FD-302 reports regarding Hannah Sims, and no recorded reports or updates of her expected testimony leading up to trial. The latest date on the FD-302 provided to Defense counsel was May 6, 2025. This information made up a great deal of the testimony offered by Hannah Sims and was highly prejudicial to the Defendant.

With other witnesses updated FD-302's was provided prior to their testimony or emails from the prosecutors about the information was shared with counsel even as the trial was underway. With regards to Hannah Sims this was not the case even though subsequent actions proved she appears to have familiarity of contact with the case Agent and prosecutors in this case. There is simply no way that the full information from Ms. Simms was shared as there was information missing even about how she became known to the Government as she did not appear in any of the Court Martial records and this detail was excluded from the FD 302's provided.

    **ii. The Defense should have been allowed to investigate and had been provided additional information about MV1 and his disclosure of sexual activity made directly prior to trial.**

6

The night prior to trial MV1 made a disclosure about sexual activity that led the Defense to believe that his sexual activity with another minor may have been ongoing, or it could have been far lengthier than previously reported. The prosecution stated that the allegations are more limited in time to the outcry. However, no real interview or information was provided to the Defense about exactly what the nature of the behavior was. It was the Defense that brought this behavior to the attention of the Court. (TTD1, pg 6.). No further investigation, interviewing or information other than what was proffered by the Government was provided to the Defense. MV1 was not questioned by the Court or anyone other than the interested party, who was prosecuting the case and there was no additional time provided to allow for further investigation of the information which could have been admissible.

If MV1 was in fact participating in ongoing sexual abuse of another child or had participated in ongoing sexual abuse of another child, this could have been something for the Defense to investigate or to at least know going in. The fact is that the delay in disclosure and the information being provided as an email instead of a formal FD-302 or other document heavily prejudiced the Defendant in preparing his defense. It had already been decided that the fact that MV1 was caught in a sexual act with another child at the time of the outcry was admissible (Doc. 117, pg. 7) and

such actions while heavily limited in their admissibility could impact a Defense theory or strategy.

### iii. Legal Authority and Argument

The Defense filed numerous motions attempting to obtain information prior to trial, in addition to the Court's own scheduling order and requirements. The Defense filed a motion to compel at Doc 54. In this motion the Defense points out that due to the limited information provided, the redacted nature of the discovery and other issues that the Defense is not able to particularize the request. (Doc. 54, pg. 10). The Defense again filed a motion at Doc. 72 requesting the Court compel discovery. This requested the FBI file and index. (Doc. 72, Pg 9-10).

The exculpatory or favorable evidence requested throughout the trial was discoverable pursuant to the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution. *Brady v. Maryland,* 373 U.S. 83 (1963). The right of a defendant to disclosure of favorable evidence exists whether such evidence is material to the defendant's guilt or to the mitigation of his punishment, and regardless of whether such exculpatory evidence would be admissible at trial. *Brady*, 373 U.S. at p. 86; *United States v. Gleason*, 265 F.Supp. 880 (S.D. N.Y. 1967). This right to disclosure under Brady includes the right to pre-trial discovery by the defendant. Id.; *United States v. Partin*, 320 F. Supp. 275 (S.D . La. 1970); *United States ex rel. Drew v. Myers*, 327 F.2d 174 (3d Cir. 1964).

Evidence which may serve to impeach the testimony or credibility of a government witness is discoverable under *Brady* since the duty upon the government to disclose evidence favorable to a defendant under *Brady* applies to any information "favorable to the accused either as direct or impeaching evidence." *United States v. Campagnuolo*, 592 F.2d 852, 859 (5th Cir. 1979); *United States v. Keogh*, 391 F.2d 138 (2d Cir. 1968) (disclosure of financial report which may have impeached government witness); *Guerrero v. Beto,* 384 F.2d 886 (5th Cir. 1968) (fact that eyewitness to crime initially failed to identify defendant at lineup); *Powell v. Wiman*, 287 F. 2d 275 (5th Cir. 1961) (mental instability on part of key prosecution witness); *Giles v. Maryland*, 386 U.S. 66 (1967) (evidence of prior chastity and mental condition of complaining witness).

### C. The Cumulative Effect of the Errors at Grand Jury and Trial Prejudiced Mr. Burak and Violated His Constitutional Right to a Fair Trial

Even if the Court finds that no individual error prejudiced Mr. Burak and violated his constitutional rights, it is clear that the combination of the Government's thin evidence of guilt, several evidentiary errors, and the Government's failure to provide information in line with *Brady v. Maryland,* means a new trial or a Judgment of Acquittal is warranted.

"The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield

a denial of the constitutional right to a fair trial, which calls for reversal." *U.S. v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotation marks omitted).

Here, Mr. Buraks' constitutional right to due process was violated at trial, the Government failed to meet their burden under the *Brady v. Maryland,* further the expert was tendered without first allowing the Defendant to thoroughly voir dire and verify the very affidavit the expert provided that had blatant and obvious mistakes, if not lies.

## CONCLUSION

For the foregoing reasons, and any others that may appear at a hearing on this Motion, Defendant, **AUSTIN BURAK**, respectfully requests that the Court Grant his Motion for a Judgment of Acquittal or, in the alternative, his Motion for a New Trial.

Respectfully submitted this 9th day of July, 2025.

>/s/ *Skye Ellen Musson*
>Skye Ellen Musson
>State Bar No.: 513712
>5501 Abercorn Street, Suite D-246
>Savannah, Ga 314015
>skye@mussonlawoffices.com
>Phone: 912-506-4661

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case Number:** |
| | ) | **4:24CR1** |
| | ) | |
| **Austin Burak,** | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that Defense Counsel has submitted a copy of this MOTION FOR NEW TRIAL to the Assistant United States Attorney, via the Electronic Service system.

Respectfully submitted on 7/9/2025.

/s/ *Skye Ellen Musson*
Skye Ellen Musson
State Bar No.: 513712
5501 Abercorn Street, Suite D-246
Savannah, Ga 314015
skye@mussonlawoffices.com
Phone: 912-506-4661